# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:05CV32-C

| | |
|---|---|
| PHILENA V. RUFFIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HARRIS TEETER and )<br>RUDDICK CORPORATION, )<br>)<br>Defendants. )<br>) | **MEMORANDUM AND RECOMMENDATION<br>AND ORDER** |

**THIS MATTER** is before the Court on Defendants Harris Teeter and Ruddick Corporation's ("Defendants") "Motion to Dismiss . . ." (doc. # 2), and "Memorandum in Support of their Motion to Dismiss or, Alternatively, Motion for a More Definite Statement" (doc. # 3), both filed on February 3, 2005, and Defendants' "Supplemental Memorandum . . ." (doc. # 8), filed on April 20, 2005. The pro se Plaintiff Philena V. Ruffin ("Plaintiff") has not filed a response and the time for doing so has long expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this motion is ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss be denied, as discussed below. However, Defendants' Motion for a More Definite Statement shall be granted, and Plaintiff is hereby ordered to file an Amended Complaint, providing the factual grounds for each claim and the relief she seeks, as discussed below.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On January 4, 2005, the Plaintiff filed her pro se Complaint in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina. Plaintiff's Complaint consisted of two documents: first, a letter to the Equal Employment Opportunity Commission ("EEOC"), in which she stated that she would be moving forward with her case "about practices make [sic] unlawful by Title VII of the Civil Rights Act of 1964, as amended," and second, a copy of the Charge of Discrimination she filed with the EEOC. The only factual allegations provided in the Charge of Discrimination are that she has been employed by Harris Teeter since April 2002, was an office assistant as of November 9, 2004, and that she has been harassed and denied a pay increase or promotion since May of 2003. The Plaintiff alleges that she was not given a reason for any of this treatment, but that she believes it is "due to [her] Religion, Muslim, and in retaliation for complaining about practices make [sic] unlawful by Title VII ."

The Defendants removed the action to this Court on January 21, 2005, and filed the subject Motion on February 3, 2005. Although the Defendants initially argued that the Plaintiff's claims should be dismissed because she failed to show that she satisfied the conditions precedent for a Title VII lawsuit, they have since abandoned that argument. In their Supplemental Memorandum, filed on April 20, 2005, Defendants argue only that Plaintiff's claims should be dismissed for failure to allege the elements of a claim under Title VII, or in the alternative, that the Plaintiff should be required to provide a more complete factual statement of the grounds for each claim and to specify the relief she is seeking.

# II. DISCUSSION OF CLAIMS

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996) (en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969). Accord Republican Party, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (internal citation omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta Corp. v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). This is particularly true of a motion to dismiss a complaint filed by a pro se plaintiff. Accord Haines v. Kerner, 404 U.S. 519, 520 (1972) (instructs court to "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); and Thompson v. Echols, 191 F.3d 448 (4th Cir. 1999) ("[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief").

In this action, the Defendants are correct that the Plaintiff's Complaint is woefully lacking in the factual allegations necessary to answer the charges. However, this Court is not persuaded at this early stage of the proceedings that the Plaintiff can prove no set of facts entitling her to relief. Therefore, in light of the Fourth Circuit's requirement that a pro se petitioner's "inartful pleading" be construed liberally, Thompson, supra, the undersigned will not recommend dismissal of this action at this time. Rather, the more prudent course of action is to grant the Defendants' alternative "Motion for a More Definite Statement" to give the pro se Plaintiff an opportunity to demonstrate whether she can correct the deficiencies noted by the Defendants in their Motion and Memorandum.

### III. ORDER

As stated above, Defendants seek, in the alternative to their Motion to Dismiss, a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). This Rule provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed. R. Civ. P. 12(e). A motion for a more definite statement is generally left to the court's discretion. See Hodgson v. Virginia Baptist Hosp., 482 F.2d 821, 824 (4th Cir. 1973). The Court finds that Plaintiff's Complaint, consisting only of her brief letter to the EEOC and her Charge of Discrimination, is so vague and ambiguous that Defendants cannot reasonably frame a responsive pleading. **IT IS THEREFORE ORDERED** that Plaintiff shall file an Amended Complaint,

providing the factual grounds for each claim and the relief she seeks, **on or before May 15, 2006.**

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendants' Motion to Dismiss (doc. # 2) be **DENIED** without prejudice to renew it should the Plaintiff's Amended Complaint likewise fail to state claims on which relief can be granted.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to counsel for the Defendants; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: April 4, 2006

_Carl Horn, III_

Carl Horn, III
United States Magistrate Judge