# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:05CV00032

| | |
|---|---|
| PHILENA V. RUFFIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HARRIS TEETER and RUDDICK )<br>CORPORATION, )<br>)<br>Defendants. )<br>) | ORDER OF DISMISSAL FOR FAILURE<br>TO PROSECUTE<br>FED. R. CIV. P. 41(b) |

THIS MATTER is before the Court on Defendants Harris Teeter and Ruddick Corporation's Motion to Dismiss for Lack of Prosecution (Doc. No. 14), filed September 1, 2006. For the reasons stated herein, this Court GRANTS Defendants' Motion.

The *pro se* Plaintiff Philena V. Ruffin ("Plaintiff"), originally filed her Complaint against Defendants Harris Teeter and Ruddick Corporation (collectively, "Defendants") in state court alleging various causes of action arising out of her employment with Defendants. On January 21, 2005, this case was removed to this Court. (See Doc. No. 1). On February 3, 2005, Defendants filed a Motion to Dismiss or, in the Alternative, for a More Definite Statement (Doc. No. 2), as well as a supporting Memorandum of Law (Doc. No. 3). Defendants subsequently filed a Supplemental Memorandum (Doc. No. 8) on April 20, 2005. Plaintiff did not respond to or object to Defendants' Motion.

On April 4, 2006, Magistrate Judge Horn issued his Memorandum and Recommendation ("M&R") (Doc. No. 10), which recommended denying the Motion to Dismiss without prejudice and granting Defendants' Motion for a More Definite Statement. The M&R also ordered Plaintiff to

amend her Complaint "providing the factual grounds for each claim and the relief she seeks, on or before May 15, 2006." Plaintiff did not submit any objections to the M&R, nor did she file an Amended Complaint in compliance with the Order.

On July 26, 2006, this Court adopted the M&R as the final decision of this Court and ordered Plaintiff to show cause as to why this case should not be dismissed for her failure to file her Amended Complaint.[1] Plaintiff has not filed a response to the Order to Show Case. In fact, other than filing the Complaint, Plaintiff has taken no further action in prosecution of her claim against Defendants. In light of Plaintiff's failure to comply with multiple orders of this Court and her failure to show cause why this case should not be dismissed for failure to prosecute, Defendants' Motion to Dismiss is hereby GRANTED.

NOW, THEREFORE, IT IS ORDERED that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this matter is DISMISSED WITHOUT PREJUDICE.

Signed: September 5, 2006

Frank D. Whitney
United States District Judge

---

[1] This Court notes the July 26, 2006, Order referenced "Rule 4(m)" of the Federal Rules of Civil Procedure, which applies to dismissals for lack of service of the Summons and Complaint. The Order should have referenced "Rule 41(b)," which applies to dismissals for failure to prosecute. This typographical error does not render the Order ineffective. See Smith v. Check-N-Go of Illinois, Inc., 200 F.3d 511, 514 (Ill.1999) (affirming dismissal of Complaint "even though the district judge cited the wrong rule). Here, the terms of the Order clearly state that "Plaintiff must SHOW CAUSE why the Complaint should not be DISMISSED . . . for failure to prosecute this action," and that the mandate was issued "due to Plaintiff's failure to properly submit her Amended Complaint to this Court . . . ." Moreover, Plaintiff neither objected nor responded in any manner to the Court's order.